**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1863-18T3

PC II REO, LLC,

     Plaintiff-Respondent,

v.

JERILEAN ROBERTS,

     Defendant-Appellant,

and

MR. ROBERTS, spouse of JERILEAN
ROBERTS, ANDREWS FEDERAL
CREDIT UNTION, s/b/m/t MCGUIRE
FEDERAL CREDIT UNION, and
NEW CENTURY FINANCIAL
SERVICES INC.,

     Defendants.

_____

         Submitted December 9, 2019 – Decided December 19, 2019

         Before Judges Fasciale and Moynihan.

         On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-017984-16.

Jerilean Roberts, appellant pro se.

Gary C. Zeitz LLC, attorneys for respondent (Gary C. Zeitz and Amber Jean Monroe, on the brief).

PER CURIAM

In this tax foreclosure case, defendant appeals an October 26, 2018 order denying her reconsideration of motion to vacate a March 19, 2018 final judgment. The motion that led to the order under review—although characterized as a motion to vacate—was essentially a motion for reconsideration of two earlier motions to vacate the judgment. Judge Paul Innes entered the order and thoroughly explained that there was no basis to grant reconsideration or vacate the judgment.

On appeal, defendant argues:

> POINT I
> THE JUDGE'S DECISION WAS ARBITRARY AND CAPRICIOUS WHEN THE [JUDGE] MADE AN ISSUE ABOUT DEFENDANT'S ABSENCE AFTER SHE WAS INSTRUCTED NOT TO COME TO COURT.
>
> POINT II
> THE [JUDGE] NEVER TOOK THE TIME TO HEAR FROM THE APPELLANT-DEFENDANT.[1]

---

[1] This court also considered the arguments raised by defendant in her reply brief.

A-1863-18T3

We conclude that defendant's contentions are without merit to warrant attention in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the judge, and add these brief remarks.

In December 2013, plaintiff purchased a tax sales certificate (the Tax Lien) for the property. In June 2016, defendant received notice of intent to foreclose on the property, and later that month, plaintiff filed its foreclosure complaint. Defendant filed her answer in February 2017. In June 2017, plaintiff obtained summary judgment. The court set January 12, 2018 as the last date to redeem the Tax Lien. Defendant received the order setting that date, but did not redeem the property. On March 20, 2018, defendant received the final judgment.[2] Thereafter, defendant filed three motions.

The first two motions—filed on April 27, 2018 and May 10, 2018 respectively—sought to vacate the final foreclosure judgment. The Foreclosure Unit denied the first motion because it "must be noticed to the vicinage of the court." The judge denied the second motion because defendant failed to appear for oral argument. The judge denied the first two motions to vacate judgment in one order dated May 25, 2018.

---

[2] The property has since been sold.

On October 4, 2018, defendant filed her third motion, more than six months later, which led to the order under review. She entitled that motion as an application seeking to vacate the judgment, but as the judge observed, the third motion sought reconsideration of the May 25, 2018 order. That order led to this appeal.

The judge correctly denied reconsideration. A motion for reconsideration is committed to the sound discretion of the court, which should be "'exercised in the interest of justice.'" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate only when a court has rendered a decision "'based upon a palpably incorrect or irrational basis,'" or failed to consider or "'appreciate the significance of probative, competent evidence.'" Ibid. (quoting D'Atria, 242 N.J. Super. at 401). This court reviews the denial of a motion for reconsideration to determine whether the judge abused his discretionary authority. Id. at 389. This court "may only disturb the decision below if it finds error which is 'clearly capable of producing an unjust result.'" Casino Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (quoting R. 2:10-2).

  A-1863-18T3

Contrary to the twenty-day deadline imposed by Rule 4:49-2, defendant waited until October 2018 to file the third motion. Defendant specifically requested oral argument on her third motion only if plaintiff filed an opposition. Consequently, the day after defendant filed her third motion, the foreclosure unit notified her not to go to the courthouse and that her third motion would be decided on October 26, 2018. That notice went out a day after she filed her motion and before plaintiff filed an opposition.

Once plaintiff opposed defendant's motion, the parties were notified there would be oral argument. In fact, the transcript containing the judge's oral decision reflects that "[n]otice of oral argument [on the third motion] was given to counsel[] and the self-represented individual. The matter was schedule[d] for nine o'clock. It's now 9:37. There's been no appearance by [defendant]."

Even though the reconsideration motion was untimely, which could have been a basis to deny it, the judge denied reconsideration on the merits by adhering to the correct standard of review. Defendant provided no new information, and the judge's earlier order was not palpably incorrect, irrational, or the result of a failure to consider or "'appreciate the significance of probative, competent evidence.'" Cummings, 295 N.J. Super. at 384 (citation omitted).

Importantly, the judge also correctly found that defendant failed to provide any basis to vacate the final judgment. A motion to vacate final judgment must meet the standard of Rule 4:50-1:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

A trial judge's determination under this rule "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted). "The [c]ourt finds an abuse of discretion when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (internal quotation marks and citations omitted).

A-1863-18T3

There is no abuse of discretion. The judge, relying on motion papers, entered the May 25, 2018 order denying defendant's earlier two motions to vacate, and concluded defendant was unable to satisfy Rule 4:50-1(a) or (f). He also determined that she failed to demonstrate—on her third motion—excusable neglect or a meritorious defense, or that she could have redeemed the property. Indeed, even on this appeal, defendant does not argue to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1863-18T3